849 F.2d 609
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John PEROTTI, Plaintiff-Appellant,
v.
Richard SEITER; R.C. Marshall; J.L. Eichenlaub; Doctor
Chaboudy; Doctor Locsey; Lt. Wente; and Terry
Morris, Defendants-Appellees.
 No. 87-3620.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1988.
 
 Before CORNELIA G. KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case is before the court upon consideration of plaintiff's motions for appointment of counsel and for a transcript and defendants' motion to dismiss this appeal. This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and plaintiff's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff appeals the judgment for defendants following a bench trial in this civil rights action filed under 42 U.S.C. Sec. 1983 in which plaintiff alleged deliberate indifference to his serious medical needs. On appeal, plaintiff contends that the district court erred in various respects. Upon consideration, we affirm the judgment of the district court.
 
 
 3
 First, we conclude that the district court did not abuse its discretion in refusing to appoint counsel for plaintiff in this case. See Cookish v. Cunningham, 787 F.2d 1, 2-4 (1st Cir.1986) (per curiam). Also, we find no abuse of discretion in refusing plaintiff leave to amend his complaint to assert claims against different defendants which are only tangentially related to the instant claim. See Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 84), cert. denied, 471 U.S. 1125 (1985). Likewise, we conclude that plaintiff made no showing of personal bias of an extra-judicial nature which would require the district judge to recuse himself. See Browning v. Foltz, 837 F.2d 276, 278-80 (6th Cir.1988).
 
 
 4
 Next, we conclude that the judgment for defendants is amply supported by the findings of fact as found by the district court. Plaintiff simply failed to establish a violation of his eighth amendment rights under the standard established in Estelle v. Gamble, 429 U.S. 97 (1976). With respect to plaintiff's assignments of error concerning the district court's refusal to allow plaintiff to present testimony of various witnesses, plaintiff has shown nothing which demonstrates that he was not given a meaningful, albeit arguably imperfect, opportunity to litigate his claim. See Johnson v. Hubbard, 698 F.2d 286 (6th Cir.), cert. denied, 464 U.S. 917 (1983).
 
 
 5
 Finally, we note that defendants' motion to dismiss is a motion to affirm the district court's judgment which is prohibited. Rule 8(a)(3), Rules of the Sixth Circuit. Furthermore, Leaman v. Ohio Dep't of Mental Retardation, 825 F.2d 946 (6th Cir.1987) (en banc), petition for cert. filed, 56 U.S.L.W. 3356 (Oct. 20, 1987) (No. 87-706) is distinguishable from this case because plaintiff is proceeding pro se. See Leaman, 825 F.2d at 956-57.
 
 
 6
 Accordingly, the plaintiff's motions for appointment of counsel and for a transcript and defendants' motion to dismiss are denied. The judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.